# Order

**Michigan Supreme Court**
Lansing, Michigan

February 10, 2009

Rehearing No. 553

6 October 2008

134665

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

FRANK J. TOMECEK, JR., and
JANIS H. TOMECEK,
            Plaintiffs-Appellees,

v

ANDREW LUCIAN BAVAS, et al,
            Defendants-Appellants,
and

INDIANA MICHIGAN POWER COMPANY, d/b/a
AMERICAN ELECTRIC POWER COMPANY, INC.,
MICHIGAN DEPARTMENT OF LABOR AND
ECONOMIC GROWTH, and BERRIEN COUNTY
DRAIN COMMISSIONER,
            Defendants-Appellees,
and

DANIEL JOHNSON, et al,
            Defendants.

SC: 134665
COA: 258907
Berrien CC:02-003707-CH

_____

In this cause, a motion for rehearing is considered and it is DENIED.

YOUNG, J. (*dissenting*).  I would grant the defendant-appellant's motion for rehearing.

This case came before us on cross-motions for summary disposition and involved discerning whether the grantors of the plaintiffs' "easement for driveway purposes"

intended the plaintiffs to have access to utilities along that easement. The formulation of the issues in controversy has sharpened with each successive appeal, and the trial court did not properly have the issue of the grantors' intent before it. The ambulatory nature of this appeal thus prevented the parties from litigating at trial the precise questions that a finder of fact should have determined. For this reason, I believed, and continue to believe, that the majority was premature in determining that the plaintiffs' middle ("driveway") easement should include utilities access. On no factually developed record, a majority of this Court concluded that an easement denominated for "driveway purposes" also included utilities access.

Understandably, because there has never been a trial on the very issue resolved by this Court, the motion for rehearing indicates that some of the critical evidence on which the majority relies in making its determination of grantor intent has not undergone the proper authentication that our rules of evidence require. Furthermore, the parties have not been permitted any discovery on the question of the grantors' intent. This is surely a question that is factual in nature, requiring resolution by a factfinder, not an appellate court.

Accordingly, I would grant the motion for rehearing and, upon rehearing, remand this case to the trial court for a determination of the grantors' intent.

CORRIGAN and MARKMAN, JJ., join the statement of Young, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 10, 2009

_Corbin R. Davis_
Clerk